# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **JOHNNY McCOWAN,** ) | |
| Plaintiff, ) | Civil Action No. 2:10cv00037 |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| ) | |
| **CAROLYN W. COLVIN**, ) | |
| **Commissioner of Social Security**, ) | By: PAMELA MEADE SARGENT |
| Defendant. ) | UNITED STATES MAGISTRATE JUDGE |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 22) ("the Motion").[1] This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

Johnny McCowan filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claims for a period of disability and disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423, 1381 *et seq.* (West 2011 & West 2012). Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner answered the suit, filing the administrative record. By Order dated February 28,

---

[1] Docket Item No. 22 is an amended Motion filed by plaintiff's counsel. It appears that counsel forgot to include an itemized statement of time expended before this court in the original motion, (Docket Item No. 20), as this is the only difference between it and the Motion currently before the court. Plaintiff's counsel filed this amended Motion before any action was taken on the original motion.

2011, the court vacated the Commissioner's final decision denying benefits and remanded the case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further consideration. (Docket Item No. 19.) McCowan's counsel has filed the current petition seeking approval of a fee of $3,638.75 for representing McCowan in this court, pursuant to 42 U.S.C.A. § 406(b). (Docket Item No. 22.) The Commissioner has responded to the Motion, not objecting to the plaintiff's request for a fee or to the amount requested. (Docket Item No. 26.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2011). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam). According to counsel, the Social Security Administration already has awarded a fee in the amount of $9,530.50 for services rendered before it pursuant to 42 U.S.C.A. § 406(a).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). McCowan's counsel has provided the court with a copy of a "Retainer Agreement" signed by McCowan on May 8, 2007, in which McCowan agreed to pay counsel 25 percent of all past-due benefits if his claims were favorably decided at the United States District Court level of appeal. (Docket Item No. 23, Ex. 5).

McCowan's counsel also has provided the court with a copy of the Social Security Administration's August 3, 2012, Notice of Award, which states that it had withheld $8,802.75, or 25 percent, from McCowan's past-due benefits for payment of an attorney's fee. (Docket Item No. 23, Ex. 1). Additionally, McCowan's counsel has provided the court with copies of the Social Security Administration's September 3, 2012, Notices of Award to McCowan's wife and five children, each of which state that it had withheld $727.75 or 25 percent, from the spousal and child's benefits, respectively, for a total of $4,366.50 withheld, based on past-due benefits, for payment of an attorney's fee. (Docket Item No. 23, Ex. 2).

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, McCowan's counsel has not supplied any evidence other than the itemized time spent in the proceedings in this court. Plaintiff's counsel

has not suggested an hourly rate for the work performed, nor has the Commissioner suggested what hourly rate would result in a proper fee. Counsel also has not divided the time expended into attorney time and nonattorney time. Dividing the requested $3,638.75 fee by 15 hours results in an hourly rate of $242.58.

The court further notes, however, that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." *Chapman v. Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3674009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed .25 hour of time for sending a letter to McCowan regarding the denial of his request for reconsideration by the Appeals Council, counsel's advising McCowan of the filing procedure in this court and his

forwarding of the forms to be completed, signed and returned by McCowan. I will allow .25 hour of nonattorney time for this. Counsel also claims .50 hour of time for reviewing the file and the medical evidence. I find this request reasonable. He claims 2 hours of time for preparation of the Complaint, IFP Application and Order, the Civil Cover Sheet and Summons and filing the same with this court, as well as mailing a copy of the Complaint to McCowan. I will allow .75 hour of nonattorney time for these activities. Counsel also claims .50 hour of time for reviewing the file to determine the status of McCowan's case. I find this request reasonable. He claims .25 hour of time for receipt of a copy of the Complaint, Civil Cover Sheet and Summons from this court. I also find this request reasonable. Counsel also claims .25 hour of time for forwarding the Summons and Complaint to the U.S. Attorney, Attorney General and Office of Regional Chief Counsel for service. I will allow .25 hour of nonattorney time for this. He claims .25 hour of time for receipt, review and filing of this court's Order granting McCowan's IFP Application. I find this request reasonable. Counsel also claims .25 hour of time for completing the return of service with this court. I will allow .25 hour of nonattorney time for this. He claims .50 hour of time for taking a phone call from McCowan regarding the case in this court, in which he answered questions and later reviewed the file, and he claims .50 hour of time for review of the file to determine the status of the case. The itemization of time reflects that both entries for "reviewing the file" occurred on the same date. That being said, I will allow .50 hour of time for both of these activities combined. Plaintiff's counsel claims .25 hour of time for receipt of notice from this court regarding service of process, .25 hour of time for making a phone call to this court advising that return of service was completed on July 2, 2010, .25 hour of time for resending return of service to this court and .25 hour of time for receipt of the filed copy of service from this court. I will allow .50 hour of nonattorney time for these

activities combined. Counsel also claims .25 hour of time for receipt of a copy of the Commissioner's Answer and .25 hour of time for receipt, review and filing of this court's Briefing Notice. I will allow .25 hour of attorney time and .25 hour of nonattorney time for these activities combined. The itemization of time reflects a total of 6.5 hours requested for activities such as reviewing the Administrative Transcript and comparing it with McCowan's file to determine a case strategy, as well as review of the file, the evidence, McCowan's information, medical information and hearing notes for preparation of the Summary Judgment Brief. I will allow 5 hours of attorney time and 1.5 hours of nonattorney time for these activities combined. Counsel claims .25 hour of time for sending a letter to this court, enclosing the signed consent to the Magistrate Judge. I will allow .25 hour of nonattorney time for this. He claims .25 hour of time for receipt of the Commissioner's Motion for Summary Judgment. I find this request reasonable. Counsel claims .25 hour of time for receipt of the Order referring the case to the Magistrate Judge. I will allow .25 hour of nonattorney time for this. He claims .50 hour of time for receipt, review and filing of the Report and Recommendation and forwarding a copy of the same to McCowan, and he claims .50 hour of time for receipt, review and filing of the Final Judgment and Order from this court remanding the case and forwarding a copy of the same to McCowan. I will allow .25 hour of attorney time and .25 hour of nonattorney time for these activities combined. The Order adopting the Report and Recommendation is a mere one page in length.

Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There is a total of 7.75 hours of attorney time and a total of 4.5 hours of nonattorney time. This court has held that $75 per hour is fair compensation under the circumstances for such

nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). That being the case, the nonattorney time charges in this case total $337.50. Subtracting this amount from the $3,638.75 fee requested, results in a remaining amount of $3,301.25. Dividing the $3,301.25 by the 7.75 hours of attorney time yields an hourly rate of approximately $425.97. While I cannot, in good conscience, find that such an hourly fee in a social security disability case is per se reasonable, I am, as stated above, obliged to consider McCowan's fee agreement, which allowed for payment of 25 percent of McCowan's past-due benefits. Additionally, the Commissioner has responded to the Motion and states that she does not object to the award of the requested fee. Considering these things, and in light of the fact that counsel undertook this case under a contingency fee arrangement, assuming the risk of no payment if benefits were not awarded, I find that a total fee of $3,638.75 is reasonable for the attorney's services before this court. I further note that the total of the attorney's fee now sought and a previously awarded fee of $9,530.50 for services provided before the Social Security Administration does not exceed 25 percent of McCowan's past-due benefits. In fact, it appears that 25 percent of the past-due benefits is $13,169.25, which is the exact sum of these two amounts. All of this being the case, I recommend that the court award the requested attorney's fee in the amount of $3,638.75.

**RECOMMENDED DISPOSITION**

For the foregoing reasons, I recommend that the court grant the Motion and enter judgment awarding the plaintiff's attorney a fee of $3,638.75.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2013):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendation as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: December 17, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE